**PENSION BOARD OF the PENSION SYS-TEM FOR the CITY OF HOUSTON et al., Appellants,**

v.

**BOARD OF MANAGERS OF the HARRIS COUNTY HOSPITAL DIS-TRICT, Appellee.**

No. 15446.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

April 3, 1969.

Rehearing Denied May 8, 1969.

Wm. A. Olson, City Atty., W. Lawrence Cook, Jr., Senior Asst. City Atty., Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Robert M. Welch, Jr., Richard P. Bogatto, Harry L. Tindall, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment in favor of appellee against appellants in the amount of $1,413,289.05. This represents in part the amount that employees of the City of Houston (herein called City) had contributed to the City pension system while they were employed by the City in its operation of the charitable hospital facilities, less the withdrawals that some of such employees had made between the time appellee was created in November, 1965,

and June 8, 1967, the effective date of Article 6243g, Section 23a, Vernon's Ann.Tex. Civ.St. Also included was a recovery of the amounts the City had allegedly contributed to the City pension system on behalf of such City employees who became employees of appellee on its creation.

Prior to November, 1965 the City owned and operated a hospital for the care and treatment of the indigent persons of Houston and Harris County. The facility was actually operated jointly by the City and Harris County, but the employees carrying on the operation were City employees paid by the City. As such they were members of the City pension system. They made their contributions to the system and the City included them as City employees in determining the amount it was by law required to contribute, that is one and one-half the total paid by salary deductions of the employees.

Pursuant to Article 4494n, V.A.T.S., an election was held in Harris County to determine whether a hospital district for Harris County should be created. A favorable vote resulted at the November 20, 1965 election. The Board of Managers was appointed November 24, 1965, and the organizational meeting was held November 30, 1965. Upon the formation of the appellee the employees performing services at the hospital ceased being City employees and became employees of the appellee.

The exact date on which a pension system was created for employees of appellee is not shown, but it is shown that appellee on December 31, 1965, first set aside funds to be used for the purpose of an employees pension system. The first salary deductions from the employees for pension contributions were made January 7, 1966. Appellants in answer to interrogatories stated that on the last mentioned date no decision had been made regarding the establishing of a pension system for appellee's employees. However, from other recitals concerning periodic appropriations by appellee of funds for an employees pension system covering periods up to April 1, 1967, we

think it to be inferred a pension system had been created earlier. The pension plan in the record recites it was effective as of November 20, 1965. The notice appellee sent appellants in 1967, as required by Article 6243g, Sec. 23a, recites that on June 28, 1967 it passed a resolution expressing its intention to create a pension system, and in the pension plan it is recited that appellee ratified, confirmed, stated, amended, created and recreated "this" pension plan for its employees effective November 20, 1965. From all these facts we think there is no doubt appellee had an employees pension plan prior to 1967.

The 60th Legislature at its regular session passed Senate Bill 589, which is carried in Vernon's Annotated Texas Statutes as Article 6243g, Sec. 23a. This act became effective June 8, 1967. The caption reads as follows:

"An Act relating to municipal pension systems in all cities of this state having a population in excess of nine hundred thousand (900,000) inhabitants according to the last preceding Federal Census; amending Chapter 358, Acts of the 48th Legislature, Regular Session, 1943, as amended (Article 6243g, Vernon's Texas Civil Statutes) by adding a new Section 23a; and declaring an emergency."

Section 1 of the act reads as follows:

"Chapter 358, Acts of the 48th Legislature, Regular Session, 1943, as last amended by Chapter 107, Acts of the 59th Legislature, Regular Session, 1965 (Article 6243g, Vernon's Texas Civil Statutes) is amended by adding a new Section 23a, to read as follows:

" 'Sec. 23a. Notwithstanding any other provision of this Article 6243g should a governmental subdivision which has been or may be formed in the future to assume and perform the function of a department, agency, or other establishment which was formerly operated by the city or jointly by the city with another governmental subdivision and all employees who performed services for

such a department, agency or other establishment were transferred en masse to the newly created governmental subdivision formed to assume and perform the function of the department, agency or other establishment for which such employees performed services prior to their transfer, then such newly created governmental subdivision through its governing body may elect to create a pension system for such transferred employees within ninety days of the enactment of this amendatory act or within ninety days of the creation of such newly created governmental subdivision, whichever occurs later, and the Pension Board of the Pension System established by the city shall, within thirty days after being notified by the governing body of the newly created governmental subdivision of its intention to create a pension system for such transferred employees, transfer to such governing body in cash and/or in obligations of the United States Government of equal fair market value at date of transfer all contributions made by the transferred employees to the Pension System of the city prior to their transfer, who were not eligible and had not elected benefits under the Pension System at the time of transfer, together with all contributions made by the city and/or any other governmental subdivision to the Pension System of the city on behalf of such transferred employees, all without interest. Such payment by the Pension Board of the Pension System of the city shall be in full satisfaction of all claims such transferred employees may have on the Pension System of the city. If the governing body of the newly created governmental subdivision elects not to create, or fails to elect to create, a pension system for the transferred employees within ninety days of the enactment of this amendatory act or within nintey days of the creation of such newly created governmental subdivision, whichever occurs later, then the Pension Board of the Pension System of the city shall refund

to each of the transferred employees who was not eligible and had not elected benefits under the Pension System of the city at the time of transfer his own contributions, without interest, in satisfaction of any claim such transferred employee may have on the Pension System of the city. The rights of any transferred employee who was eligible at the time of transfer and had timely elected a benefit under the Pension System of the city shall not be affected by this Section and such employee shall be entitled to all benefits which had accrued to him or her under the Pension System of the city at the time of transfer without regard to this amendatory act.' "

Section 2 of the act is a nonseverability clause and provides it to be the legislative intent to enact each separate division to be dependent on each of the other provisions, and if any clause, sentence, or part of the act be declared unconstitutional then no other clause, sentence or part thereof shall be given any effect; and to this end the provisions of the act are declared not to be severable.

On June 29, 1967 appellee passed a resolution pursuant to the act in effect declaring that it was the intention of appellee to create, ratify and confirm "the heretofore established pension system, and/or intention to otherwise create such a pension system" contemplated by Article 6243g, Sec. 23a. This resolution also included a direction that appellee's Administrator take all action necessary to effect a transfer from appellants to appellee's representative of all contributions made to appellants by the employees who were transferred to appellee on its creation as well as all contributions made by the City to appellants on behalf of said transferred employees. Appellants were notified of appellee's action as provided in Article 6243g, Sec. 23a. Appellants refused to make the transfer and this suit followed.

Appellants assert nine points of error:

1. The act violates Article I, Sections 16 and 19 of the Texas Constitution Vernon's Ann.St., because it retroactively and arbitrarily deprives the employees of their vested right to receive a refund of their contributions made to appellants when they ceased being employees of the City.

2. The act violates Article I, Section 16 of the Texas Constitution because it imposes double liability on appellants since appellants were already liable to the former employees for the same contributions.

3. The act violates Article I, Section 16 of the Constitution of Texas because it deprives appellant as trustee of a fund created and existing for a specific public purpose, of the vested property right to retain as part of the corpus of such trust fund all sums paid into the fund under Section 8 of Article 6243g. This refers to the payments made to appellant by the City of Houston to the City employees pension system.

4. The act violates Article III, Section 51 of the Texas Constitution in that it provides for a grant of public money belonging to the pension system of the City to be made to appellee.

5. The act is invalid under Article III, Section 35 because the subject of the act is not expressed in its title.

6. The act is a local or special law regulating the affairs of the City of Houston in violation of Article III, Section 56 of the Texas Constitution.

7. The act by its terms is not applicable to a governmental subdivision such as appellee which already had a pension system created and in existence before the effective date of the act.

8. The trial court erred in allowing recovery in that it sustained appellants' plea that the act was unconstitutional insofar as it imposes liability to pay the contributions of transferred employees to whom refunds had already been made because such action violated the nonseverability provision of the act.

9. The court errerd in overruling appellants' plea in abatement asserting the

transferred employees were necessary and indispensable parties.

Appellant existed pursuant to the provisions of Article 6243g, V.A.T.S. Section 16 of such article provides that when any member of the Pension System "shall leave the employment of such city, *either voluntarily, or involuntarily*" (emphasis ours unless otherwise indicated) before becoming eligible for a retirement or disability pension, he shall thereupon cease to be a member of such Pension System, *but shall be entitled to a refund to him the sum of all the payments made by him into said Pension Fund without interest.*

At the time appellee came into existence in December, 1965, and the City employees operating the City's hospital facilities were transferred to appellee, they ceased being City employees and ceased being members of the City employees pension system. They thereupon became vested with the right to a refund of all contributions they had made to the City pension system. In fact, between the time of the formation of appellee and the passage of Section 23a of Article 6243g some $88,000.00 had been paid by appellant to transferred employees in refund of their contributions.

The act providing for the transfer of the employees' contributions to the appellee makes no provision that the transferred employee shall have the right to withdraw his contributions from appellee after transfer. In fact, under appellee's pension plan the employee could not do so without choosing to terminate his employment with appellee or having his employment otherwise terminated prior to eligibility for a pension.

■ Article I, Section 16 of the Texas Constitution provides in part that no retroactive law, or any law impairing the obligations of contracts shall be made. Section 19 prohibits the deprivation of property except by due course of law. The effect of these sections is to preclude the passage of retroactive laws that, when applied, have the effect of depriving a person of a vested property right. Kelly v. Republic Building & Loan Ass'n, 34 S.W.2d 924 (Tex.C.C.A.), n. w. h.

■ We, therefore, hold that Senate Bill 589 (Article 6243g, Section 23a) is unconstitutional insofar as it takes away the right of the transferred employees to a refund from appellant of their contributions.

■ The effect of the Act is to expose the appellant to double liability, so appellant's rights are adversely affected and it is legally entitled to raise the question of the transferred employees' being retroactively deprived of their vested right to receive from it their contributions. Texas Municipal Retirement System v. Roark, 401 S.W.2d 913 (Tex.C.C.A.), ref., n. r. e.

There is nothing in the case of City of Dallas v. Trammell, 129 Tex. 150, 101 S.W. 1009, 112 A.L.R. 997 (Tex.Com.App.), or Woods v. Reilly, 147 Tex. 586, 218 S.W.2d 437, that is contrary to our holding. They merely hold that an employee has no vested right in the pension system or to its continuance. They recognize, however, that as to accrued installments payable to an employee there is a vested right in the employee to receive it and the Legislature cannot deprive him of it. These cases merely recognize the right of the Legislature to amend, modify, or abolish a pension system so as to affect future installments and to do away with any pension system.

Appellant contends that the act insofar as it gives the right of transfer of the contributions made to appellant by the City retroactively deprives appellant, as trustee of a fund created and existing for a specific public purpose of the vested property right to retain as a part of the corpus of such trust fund all sums paid into the fund under Section 8 of Article 6243g contrary to Article I, Section 16, of the Constitution of Texas.

Under said Section 8 the City was required to pay monthly into said fund "an

amount equal to one and one-half (1½) [of] the total sum paid into such Fund by salary deductions of members * * *."

Under this provision the total of the employees' salary deductions was merely made the measure of the amount to be contributed by the City. These contributions became a part of the trust fund to be administered for the benefit of all City employees. Title to such funds vested in appellant as trustee for such employees. Under the law then existing and, at the time when appellee was created, the transferred employees became entitled only to a refund of their contributions. The City's contributions remained unsegregated and undisturbed as a part of the corpus of the trust fund in the hands of appellant. The trust was for the benefit of the City employees and the appellant as trustee had the right and duty to administer the trust for City employees. It had the duty to protect the corpus for all City employees, including some 108 retired employees who retired on pension as City employees in the operation of hospital facilities. Senate Bill 589 made no provision for transferring liability for paying the pensions of these retired City employees who had worked for the hospital. This liability remained that of appellant. The record shows that based on accepted accounting and actuarial principles this liability to such retired employees, their widows and children will amount to about $2,000,000.00. The judgment of the trial court, by virtue of Senate Bill 589, retroactively deprives appellant of $888,547.75 of the corpus of the trust estate. This the Legislature could not retroactively authorize under Article I, Section 16, of the Texas Constitution.

We are of the view that the act, as applicable here, violates Article III, Section 51, of the Texas Constitution in that it constitutes a grant of public moneys to a corporation, that is, the appellee.

In the case of Bexar County Hospital District v. Crosby, 160 Tex. 116, 327 S.W. 2d 445, our Supreme Court held that a

hospital district was a corporation. It is true that it is a public corporation, but said Section 51 applies to all corporations.

The pension funds are public moneys. They are held in trust by appellant to be administered for the benefit of public employees. The appellant holds the funds in a fiduciary capacity as a public agency. No individual has a vested right in the funds, as such, but may acquire certain vested interests on the happening of the contingencies previously mentioned. Such vested interests are not, however, in the fund itself. The purpose of the fund is to enable the City to more easily employ and retain competent public employees.

Senate Bill 589 here attempts a transfer of a portion of these funds to an already existing corporation. At the same time it left with appellant the duty to administer the pension system for the benefit of the City employees, including 108 retired ones who had worked for the City in the operation of its hospital facilities. The act was but a grant of public moneys belonging to the pension fund, which appellant continues to be obligated to administer.

No useful purpose would be served by discussing appellants' remaining points, and we express no opinion on them.

The provisions of the act are nonseverable, having been expressly made so by the Legislature in the section of the act above quoted. The act being invalid in the particulars above discussed, the whole of it must fall.

The judgment of the trial court actually sustained what was in effect appellee's motion for summary judgment. We have held there was error in so doing because appellee as a matter of law was not entitled to judgment. However, appellant filed no motion for summary judgment. We, therefore, reverse and remand for the purpose of further proceedings not inconsistent with this opinion.