**Richard R. DEVON, Appellant,**

v.

**CITY OF SAN ANTONIO et al., Appellee.**

No. 4812.

Court of Civil Appeals of Texas.

Waco.

June 26, 1969.

Rehearing Denied July 17, 1969.

Colunga & Wennermark, San Antonio, for appellant.

Howard C. Walker, Crawford B. Reeder, Harvey L. Hardy, San Antonio, for appellee.

## OPINION

HALL, Justice.

Article 6243f, Vernon's Ann.Texas Civil Statutes, creates and controls the funding and administration of a firemen and policemen's pension fund in cities of 550,000 to 650,000 inhabitants. We are concerned in this case with questions of construction and constitutionality of that statute, and will refer to it as the Act.

Section 4 of the Act provides that any city to which it applies "shall" deduct for the pension fund from the wages of each fireman and policeman in the employment of the city a sum equal to a set percentage of the base pay of a private. The city is then required to contribute an amount equal to the sum of all such deductions, and pay the total into the pension fund.

At all times in question, the Act applied to the City of San Antonio. Appellant began employment as a police officer with that city on July 27, 1956. He voluntarily resigned from the force on October 20, 1967. During his tenure, the city deducted approximately $4,000 from his wages and paid it into the Firemen and Policemen's Pension Fund as his contribution.

Appellant is not eligible for retirement benefits under the provisions of the Act. He brought this suit against the city to recover his contribution to the pension fund. The city interpleaded the board of trustees of the fund. A non-jury trial resulted in a judgment that appellant take nothing.

Section 19 of the Act expressly provides that participants in the pension plan shall not be entitled to refunds of their contributions to the pension fund, and that the

contributions are "declared to be public money."

■ Appellant contends that by withholding the contributions from his wages, the city breached its contract of employment with him in failing to pay him his full salary. Appellant also asserts that the Act violates Article 1, Section 17, of the Texas Constitution, Vernon's Ann.St. ("No person's property shall be taken * * * for or applied to public use without adequate compensation being made, unless by the consent of such person * * * "). We overrule these contentions, and shall discuss them together.

Section 7(b) of the Act provides that a fireman or policeman of the city "shall automatically, after six months of service, become a member of the Pension System as a condition of his employment." Section 4 of the Act, partially set forth above, clearly requires the city to deduct a fireman or policeman's contribution to the pension fund from his gross salary, leaving a net wage payable to the employee. These statutory provisions pertaining to appellant's employment with the city were necessarily a part of his contract of employment and are read into his contract as fully as though they had been actually incorporated in it. City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d 1009, 1011, 112 A.L.R. 997 (1937); Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738, 740 (1928). Moreover, Section 19 of the Act, as amended in 1959, states that "This Act shall be of the essence of the Contract of Employment and appointment of the Firemen and Policemen by cities of this class * * *."

■ The deductions from appellant's wages for the pension fund were with his consent and in compliance with, rather than in breach of, the terms of his contract with the city. Furthermore, the deductions withheld from appellant's wages and paid into the pension fund never belonged to him, but remained public money used for a public purpose. They were not first segregated from the public funds so as to become appellant's private property and then paid into the pension fund; rather, the deductions were "set aside from one public fund and turned over to another" and are no less public money after the payment into the pension fund than before. City of Dallas v. Trammell, supra, 101 S.W.2d page 1013.

■ Appellant complains that the Act contravenes Article 3, Section 53, of the state constitution ("The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part * * *"). We do not agree.

The constitutional provision in question is intended to prevent the gratuitous grant of public funds to or for private persons or purposes. Byrd v. City of Dallas, supra, 6 S.W.2d page 740. When a fireman or policeman is employed by a city coming within the operation of the Act, he is contractually entitled to participate in the pension fund upon the terms prescribed in the Act. The right to participate in the fund is as much of his agreed compensation, for services rendered to the city, as is his monthly salary. Byrd v. City of Dallas, supra, 6 S.W.2d page 741. Section 19 of the Act specifically provides that the deferred pension payment is a part of the compensation of firemen and policemen for services rendered to the city. It is not, therefore, a gratuity or donation in any sense.

■ Finally, appellant says that the Act is a local or special law and contrary to Article 3, Section 56 of the state constitution ("The Legislature shall not * * * pass any local or special law * * * regulating the affairs of * * * cities * * * "), because it only applies to the City of San Antonio. We overrule this contention.

Section 1 of the Act provides that it applies to all cities of a population bracket

of 550,000 to 650,000 "according to the last preceding Federal Census and any future Federal Census." It is thus seen that the Act is not confined by its terms to the City of San Antonio. There are no restrictions that limit its operation to any city. It is general and uniform in its application to all cities which may now or hereafter fall within its reasonably broad class. Appellant does not suggest any basis for holding that the classification in the Act is unreasonable or arbitrary, or that it was put in general form by the legislature merely to evade the Constitution, and we find none. To the contrary, considering the subject matter of the Act, we perceive, without discussing, substantial grounds for the classification made by the legislature. The Act is a general law. Clark v. Finley, 93 Tex. 177, 54 S.W. 343, 345–346 (1899); O'Brien v. Amerman, 112 Tex. 254, 247 S.W. 270, 271 (1922); City of San Antonio v. State ex rel. Criner, (Tex.Civ.App., 1954, writ ref.) 270 S.W.2d 460, 462.

The judgment of the trial court is affirmed.