**BOARD OF MANAGERS OF the HARRIS COUNTY HOSPITAL DISTRICT, Petitioner,**

**v.**

**PENSION BOARD OF the PENSION SYSTEM FOR the CITY OF HOUSTON, et al., Respondents.**

**No. B-1572.**

Supreme Court of Texas.

Dec. 31, 1969.

Rehearing Denied Feb. 4, 1970.

Fulbright, Crooker, Freeman, Bates & Jaworski, Robert M. Welch, Jr. and Harry L. Tindall, Dan G. Matthews, Houston, for petitioner.

William A. Olson, City Atty., W. Lawrence Cook, Jr., Senior Asst. City Atty., Houston, for respondents.

CALVERT, Chief Justice.

This suit was filed by petitioner, Board of Managers of the Harris County Hospital District, as plaintiff, against respondents, Pension Board of the Pension System for the City of Houston, et al., as defendants. The parties will be referred to, respectively, as Hospital District, or District, and City of Houston, or City. The purpose of the suit is to compel City of Houston to comply with the requirements of Section 23a, Article 6243g,[1] by transferring to Hospital District the employer and employee contributions made to the City Pension System

1. All Article references are to Vernon's Annotated Texas Civil Statutes.

by and on behalf of City of Houston employees who were later transferred to the employment of Hospital District.

The trial court rendered summary judgment for Hospital District on the issue of liability; and, thereafter, the amount of the contributions having been stipulated, the court rendered a final judgment for Hospital District for the sum of $1,413,-289.05. Holding that the statute directing transfer of the funds is unconstitutional, the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for further proceedings. Pension Board of the Pension System, etc. v. Board of Managers, etc., 441 S.W.2d 228. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

Article 6243g was enacted in 1943. Acts 1943, 48th Leg., p. 619 ch. 358. As originally enacted, the article created a Municipal Pension System in cities having 384,-000 or more inhabitants. The article was amended in 1965. Acts 1965, 59th Leg., p. 246, ch. 107. As amended, it created Municipal Pension Systems in only those cities having 900,000 or more inhabitants "according to the last preceding or any future Federal Census." The statute was, and is, applicable to the City of Houston; and, under its terms, employees of the City are included in the City Pension system.

Prior to November 20, 1965, the City of Houston and Harris County jointly operated Jefferson Davis and Ben Taub charity hospitals. For payroll purposes, hospital personnel were considered to be employed by the City of Houston. They were thus subject to the city pension system, and contributions to the system were made by them and were made on their behalf by the City.

In 1965, pursuant to the provisions of Article 4494n, the voters of the City of Houston approved the establishment of Harris County Hospital District. The function of the City of Houston in operating the charity hospitals was assumed by Hospital District, and City employees assigned to the hospitals were transferred *en masse* from the payroll of City to that of Hospital District.

Section 23a was added to Article 6243g in 1967, and became effective June 8, 1967. Acts 1967, 60th Leg., p. 843, ch. 354. The section is quoted in full in the opinion of the Court of Civil Appeals. 441 S.W.2d 230-231. It provides that in instances in which a governmental subdivision is formed to perform the functions theretofore performed by a department of a city, or jointly by a city with another governmental subdivision, and all of the employees performing the services are transferred *en masse* to the new subdivision, then

"* * * such newly created governmental subdivision through its governing body may elect to create a pension system for such transferred employees within ninety days of the enactment of this amendatory act or within ninety days of the creation of such newly created governmental subdivision, whichever occurs later, and the Pension Board of the Pension System established by the city shall, within thirty days after being notified by the governing body of the newly created governmental subdivision of its intention to create a pension system for such transferred employees, transfer to such governing body in cash and/or in obligations of the United States Government of equal fair market value at date of transfer all contributions made by the transferred employees to the Pension System of the city prior to their transfer, who were not eligible and had not elected benefits under the Pension System at the time of transfer, together with all contributions made by the city and/or any other governmental subdivision to the Pension System of the city on behalf of such transferred employees, all without interest. Such payment by the Pension Board of the Pension System of the city shall be in full satisfaction of all claims such transferred employees may have on the Pension System of the city. * *"

Hospital District had set up a pension system before enactment of Section 23a. On June 29, 1967, Hospital District adopted a resolution ratifying and confirming its previously expressed intention to create a pension system for the employees transferred from City, and recreating the system. The Distrct gave City notice of the resolution and demanded transfer of the pension contributions, but City refused. This suit followed.

■ By points of error in its brief in the Court of Civil Appeals, City advanced nine reasons for reversing the trial court's judgment, six of which asserted unconstitutionality of Section 23a. The Court of Civil Appeals sustained three of the points attacking the constitutionality of the section. The principal ground of attack on the constitutionality of the section, sustained by the Court of Civil Appeals, is that it is a retroactive law which deprives the transferred employees of vested rights and of their property in violation of Sections 16 and 19, Article I, Constitution of Texas, Vernon's Ann.St.

Section 16 of Article 6243g, under and by virtue of which the City pension system exists, provides that when any member of the pension system "shall leave the employment of such city, either voluntarily, or involuntarily," before becoming eligible for a retirement or disability pension, he shall thereupon cease to be a member of such pension system, but shall be entitled to a refund of the sum of all payments made by him into the pension fund, without interest. Section 16, Article I of the Constitution prohibits the making of a "retroactive law, or any law impairing the obligation of contracts," and Section 19, Article I, provides that no citizen of this State shall be deprived of his property "except by the due course of the law of the land." The Court of Civil Appeals reasoned that, by virtue of the foregoing statutory and constitutional provisions, the transferred employees had an absolute and vested right, immediately upon their transfer, to a refund by City of the contributions made by them

to City's pension system; and that the Section 23a requirement that such funds be transferred to District, if enforced, would deprive such employees of this vested right and of their property. We do not agree.

Section 7.1 of Article VII of District's Pension Plan provides:

"If any Member's employment with the District is terminated for any cause other than death or retirement for age or disability, * * * such Member shall be paid as a Severance Benefit, his Contribution Accumulation as of the date of such termination, * * *."

Considering that transfer of the employees from the City payroll to the District payroll did not result in a change of employment, but only in a change of employers; and that such employees would, under District's pension plan, still have an unimpaired right, upon voluntary or involuntary separation from the employment, to full reimbursement of all contributions made by them while in such employment, we fail to see how, in any practical sense, they will have been deprived of their property, or how their vested rights will have been impaired. If District's pension plan did not provide for reimbursement of contributions upon employee separation, we might have an interesting problem of the transferred employees' right, nevertheless, to demand reimbursement of the transferred contributions; but, on the record before us, no such problem is presented.

■ City's contention that it will be subjected to double liability if it is required to transfer the contributions is without merit. The Act expressly protects City against double liability.

■ But City argues, and the Court of Civil Appeals has held, that to enforce the transfer will deprive it of a vested property right to retain and administer all of its contributions as a trust for all municipal employees, including former hospital employees who are in retirement; and that diversion of a part of such contributions to

Hospital District violates Section 51, Article III of the State Constitution, which prohibits the Legislature from making a grant, and from authorizing the making of a grant, "of public moneys to any individual, association of individuals, municipal or other corporations whatsoever * * *." Again, we disagree.

In City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d 1009, 112 A.L.R. 997 (1937), we held that employees contributing to and participating in a municipal pension system did so "in contemplation of the reserved right of the Legislature to amend or to repeal the laws on which the pension systems are founded," 101 S.W.2d at 1012; and that the right to receive payments from the fund was "subordinate to the right of the Legislature to abolish the pension system, or diminish the accrued benefits of pensioners thereunder." 101 S.W.2d, at 1013. Here, the Legislature has not sought to abolish City's pension system, or to reduce accrued benefits; it has sought only to carve out a segment of the employees, together with their contributions and the contributions made on their behalf, and to appoint a new trustee for this segment of the pension system. In view of our holding in *Trammell*, it would be wholly illogical now to say that City has vested rights in the pension fund which are of greater dignity than the rights of its employees.

■ Neither, we add, may it logically be argued that the transfer of the contributions is such a grant of public moneys as is prohibited by the Constitution. The question is controlled by our decision in Bexar County Hospital District v. Crosby, 160 Tex. 116, 327 S.W.2d 445 (1959). In that case, in an analogous situation, we held that a statutory requirement for transfer of delinquent city taxes to a hospital district did not offend the proscription of Section 51, Article III of the Constitution, inasmuch as such tax funds could only be used by the district for the purpose for which the taxes were levied. The same is true with respect to the transferred contributions in this case.

City brings forward by cross-points four points of error which were presented to, but not considered by, the Court of Civil Appeals. Two of the points assert invalidity of Section 23a because (1) the caption of the bill by which it was enacted did not comply with Section 35 of Article III of the Constitution, and (2) the Act is a local or special law in violation of Section 56, Article III of the Constitution. The third and fourth points assert that the trial court judgment for District was erroneous because (1) the provisions of Section 23a are inapplicable to a governmental subdivision which, on the section's effective date, had a pension system, and (2) enforcement of only a part of the provisions of the section violates its non-severability clause.

■ Section 23a was enacted by Senate Bill 589. The caption of the bill reads:

"An Act relating to Municipal pension systems in all cities of this state having a population in excess of nine hundred thousand (900,000) inhabitants according to the last preceding Federal Census; amending Chapter 358, Acts of the 48th Legislature, Regular Session, 1943, as amended (Article 6243g, Vernon's Texas Civil Statutes) by adding a new Section 23a; and declaring an emergency."

The principal provisions of the bill have been quoted ealier in this opinion. Section 35, Article III of the Constitution provides that "[n]o bill, * * * shall contain more than one subject, which shall be expressed in its title. * * *"

The main thrust of City's "caption" argument seems to be that the caption does not give fair notice of those provisions of the bill which authorize another governmental subdivision to elect to create a pension system to which City employee and pension funds are transferred. In our view, these provisions are but incidental and subsidiary

to the main subject of the bill which is to require a transfer of a segment of municipal pension systems to another trustee. That subject is adequately expressed in the caption. See State v. Davis, 426 S.W.2d 827 (Tex.Sup.1968); Schlichting v. Texas State Board of Medical Exam., 158 Tex. 279, 310 S.W.2d 557 (1958). There is in the instant act no such foreign or nongermane provisions as were condemned in Harris County Fresh Water Supply Dist. No. 55 v. Carr, 372 S.W.2d 523 (Tex.Sup.1963), and Lee v. State, 163 Tex. 89, 352 S.W.2d 724 (1962).

■ In the forepart of this opinion we paraphrased the opening lines of Section 23a. City's contention that the Act violates the constitutional prohibition against enactment of local and special laws requires that such lines be quoted in full. We note, however, that the lines are poorly drafted and that judicial surgery is required to cause them to make sense. The sentence is incomplete, and in our quotation below we have supplied the necessary and proper words to complete the sentence and have enclosed them in brackets. In addition, we have changed the word "were" to "have been". Neither change alters the meaning or the legislative intent. For authority to make such changes, see Article 11; Sweeny Hospital District v. Carr, 378 S.W.2d 40 (Tex.Sup.1964); Halbert v. San Saba Springs Land & Live-Stock Ass'n, 89 Tex. 230, 34 S.W. 639, 49 A.L.R. 193 (1896); State v. Pioneer Oil & Refining Co., 292 S.W. 869 (Tex.Comm.App., 1927). With the corrections we have made, the opening lines of Section 23a read as follows:

"Notwithstanding any other provision of this Article 6243g should a governmental subdivision which has been or may be formed in the future to assume and perform the function of a department, agency, or other establishment which was formerly operated by the city or jointly by the city with another governmental subdivision [, assume and perform such function,] and all employees who performed services for such a department, agency or other establishment were [have been] transferred en masse to the newly created governmental subdivision formed to assume and perform the function of the department, agency or other establishment for which such employees performed services prior to their transfer, then such newly created governmental subdivision through its governing body may elect * * * etc."

The fact that Section 23a applied, when passed, only to the City of Houston does not make it a local or special law. As a matter of fact, Article 6243g applied only to the City of Houston when it was passed in 1965, but all of its provisions, including those added by Section 23a, are applicable to any city having 900,000 or more inhabitants according to any future Federal census. In this respect the Act differs from the one stricken down in City of Ft. Worth v. Bobbitt, 121 Tex. 14, 36 S.W.2d 470 (1931). But City argues that no city other than Houston can ever be affected by the provisions of the Section relating to governmental subdivisions which were required to make their election to create a pension system within ninety days of its enactment. No authority is cited in support of the position that this fact renders the Act a local or special law, and we doubt that any will be found. We have no reason to say that the classification, embracing, as it does, cities in a broad population bracket, only one of which will be presently affected, bears no reasonable relation to the object to be accomplished. This, we have held, is the ultimate test of constitutionality of classifications under Section 56, Article III of the Constitution. Smith v. Davis, 426 S.W.2d 827 (Tex.Sup.1968).

■ City correctly contends that the obligation imposed by the Act is to transfer contributions to those governmental subdivisions which, within ninety days of its enactment or within ninety days of their

creation, "elect to create a pension system for such transferred employees." It is true, also, that District's pension system was created before enactment of Section 23a. From these established facts, City argues that District could not qualify to receive the pension contributions because it was in no position after passage of the Act to "elect" to "create" its pension system. We regard the argument as overly technical; and we hold that District's resolution ratifying and confirming its previously expressed intention to create a pension system for such transferred employees, and recreating its system, sufficiently complies with the Act's requirement.

 Senate Bill 589 contains a non-severability clause by which it is provided that if any clause, sentence or part of the Act is declared unconstitutional, no other clause, sentence or part thereof shall be given effect. City contends that because District sued for all contributions made to City by transferred employees, and the court in its judgment did not allow recovery of employee contributions which had been refunded by City prior to the effective date of the Act, the court must have held the Act unconstitutional in part as imposing double liability on City. From this premise, City argues that the court erred in giving effect to the remainder of the Act. We reject the contention. The trial court's judgment does not declare any part of the Act unconstitutional, and we are unwilling to speculate that the trial court's denial of recovery of all contributions to City made by all transferred employees was because the court thought the Act was in part unconstitutional.

Having rejected all of City's attacks on the constitutionality of Section 23a of Article 6243g, and on the trial court's judgment, the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.