

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

February 18, 1987

Honorable Barry L. Macha
Criminal District Attorney
Courthouse
Wichita Falls, Texas   76301

Opinion No.  JM-632

Re:  Disposition of interest earned on "hot check" fund administered by a criminal district attorney

Dear Mr. Macha:

Interest generated by the deposit of county money is deposited in the county treasury pursuant to articles 1709 and 1709a, V.T.C.S., the latter of which specifically provides that "[s]uch deposit of funds in the county treasury shall not in any wise change the ownership of any fund as deposited. . . ." V.T.C.S. art. 1709a, §2(a). Article 53.08 of the Texas Code of Criminal Procedure authorizes a county attorney, a district attorney, or a criminal district attorney to collect a fee if his office collects and processes a check whose issuance constitutes an offense under either sections 32.41, 31.03, or 31.04 of the Penal Code. You wish to know whether the interest earned by the deposit of the money in this so-called "hot check" fund accrues to the credit of the fund itself or to the credit of the county's general revenue fund. We conclude that the funds created by article 53.08 do not bear sufficient indicia of a trust to require the accrual of any depository interest earned by the fund to be credited to the fund itself. We conclude that such interest must be credited to the county's general revenue fund.

Subsection (e) of article 53.08 of the Code of Criminal Procedure sets forth the following:

> (e) Fees collected under this article shall be deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney. Expenditures from this fund shall be at the sole discretion of the attorney, and may be used only to defray the salaries and expenses of the prosecutor's office, but in no event may the county attorney, district attorney, or criminal district attorney supplement his or her own salary from this fund. Nothing in this Act shall be construed to decrease the total salaries, expenses, and allowances which a prosecuting attorney's office is receiving at the time this Act takes effect.

Opinions issued by this office consistently have maintained that interest earned by the monies deposited by political subdivisions and held in trust becomes part of the principal and, consequently, part of the money, that generated the interest. See Attorney General Opinions JM-566, JM-549, JM-539 (1986); JM-323, JM-321, JM-306, JM-300 (1985); MW-82 (1979); H-1040 (1977); M-408 (1969). Cf. Attorney General Opinions MW-338 (1981); H-1107 (1977). These opinions indicate that, in order to be characterized as trust funds, the funds in question should reflect, among other things, (1) that they are administered by a trustee or trustees or by someone "in trust"; (2) that the funds neither are granted, in this instance, to the county in its sovereign capacity nor collected for the general operation of the county, and (3) that they are to be spent and invested for specific, limited purposes and for the benefit of a specific group of individuals.

Unlike, for example, the funds created under articles 1066c, 1118x, 1118y, 5221b-7, and 6243e, V.T.C.S. (which govern the local sales and use tax, metropolitan rapid-transit authorities, regional transportation authorities, unemployment compensation, and fire-fighters' relief and retirement, respectively), the funds created under article 53.08 of the Code of Criminal Procedure, are not to be governed by a trustee or by any public officer "in trust." The monies are "administered by the county attorney, district attorney, or criminal district attorney," language that is in no material way different from that which reposes in the comptroller the responsibility to perform all functions incident to the administration of the bingo tax, see article 179d, §24, V.T.C.S., the banking franchise tax, see article 4366e, (a), (d), V.T.C.S., and the mixed beverage tax, see section 205.03, Alco. Bev. Code. See Attorney General Opinion JM-566 (1986). Article 53.08 of the Code of Criminal Procedure does provide that "expenditures from this fund shall be at the sole discretion of the attorney" administering the fund, see Attorney General Opinion JM-313 (1985), but this language is intended to carve out an exception to the statutory provisions which confer such authority generally to the commissioners court. Such language does not impose any additional fiduciary duty on the administering attorney over and above that which normally devolves upon public officers.

It is true, of course, that article 53.08 of the Code of Criminal Procedure does not specify that the funds are granted to the county for its general operation in the way that the statutes governing the bingo tax, the banking franchise tax, and the mixed beverage tax do. See Attorney General Opinion JM-566 (1986). Rather article 53.08 specifies that expenditures from the fund

> may be used only to defray the salaries and expenses of the prosecutor's office, but in no event may the county attorney, district attorney, or criminal district attorney supplement his or her own salary from the fund.

See Attorney General Opinion JM-313 (1985). But the language so earmarking the funds differs in no material way from language typically found in the Appropriations Act directing the expenditure of state funds.

And finally, article 53.08 does not specify that the funds be held for a specific or identifiable group of individuals or recipients in the way in which the statutes governing the local sales and use tax, metropolitan rapid transit authorities, regional transportation authorities, unemployment compensation, and firefighters' relief and retirement do. See Attorney General Opinions JM-539 (1986); JM-306 (1985); MW-82 (1979). Article 53.08 specifies only that the funds are expended for particular purposes in language that, again, differs in no material way from language typically found in the Appropriations Act directing the expenditures of state funds. See, e.g., Board of Managers of the Harris County Hospital District v. Pension Board of the Pension System for the City of Houston, 449 S.W.2d 33 (Tex. 1969); Woods v. Reilly, 218 S.W.2d 437 (Tex. 1949); Devon v. City of San Antonio, 443 S.W.2d 598 (Tex. Civ. App. - Waco 1969, writ ref'd); Attorney General Letter Advisory No. 5 (1973).

We conclude that the funds created pursuant to article 53.08 of the Code of Criminal Procedure do not bear sufficient indicia to warrant calling them trust funds; rather, they are more accurately denominated statutory funds. Accordingly, we conclude that such funds are not entitled to be credited with interest earned by deposit of its monies; article 1709, V.T.C.S., requires that such interest be credited to the general revenue funds of the respective counties.

S U M M A R Y

The interest earned by the deposit of money received pursuant to article 53.08 of the Code of Criminal Procedure, the so-called "hot check" fund, must be deposited in the general revenue funds of the respective counties pursuant to article 1709, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General