

# THE ATTORNEY GENERAL
## OF TEXAS

May 25, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Michael J. Guarino　　　Opinion No.　JM-910
Criminal District Attorney
405 County Courthouse　　　　　Re:　Whether a commissioners
Galveston, Texas　77550　　　　court is authorized to grant
　　　　　　　　　　　　　　vacation　and　sick　leave
　　　　　　　　　　　　　　benefits　to　elected　and
　　　　　　　　　　　　　　appointed county　officials,
　　　　　　　　　　　　　　and related questions
　　　　　　　　　　　　　　(RQ-1178)

Dear Mr. Guarino:

　　　You ask a series　of questions regarding the　authority
of a commissioners　court to grant　vacation and sick　leave
benefits to both elected and appointed county officials　and
to pay　such　officials　for the　unused　portions　thereof.
Because resolution of　the issues raised　by your　questions
rests upon an understanding　of a rather elaborate　sequence
of facts, we set those facts out first in detail.

　　　You　inform　us　that　the　present　Galveston　County
Personnel Policies　Manual, which　was duly　adopted by　the
commissioners court in　1983, does　not authorize　expressly
the accrual of vacation and sick leave benefits for　elected
or　appointed　county　and　precinct　officials,　with　the
possible　exception　of　the　county　commissioners,　who
expressly are included with regular employees in the present
1983 manual.　Previous personnel policy manuals also　failed
to authorize　expressly the　accrual　of such　benefits　for
elected and appointed officials.　You have included　copies
of the　1969,　the　1977,　and　the　1983　manuals　for　our
inspection.

　　　Despite the　absence of　unambiguous authorization　for
accrual of benefits, however, in approximately January 1978,
the　employment　records　of　all　elected　and　appointed
officials in Galveston　County began reflecting　accumulated
sick leave and　vacation benefits that　were calculated　and
entered into　the records　by the　Galveston County Auditor
then in　office.　You　state that　the　reason　the　County
Auditor began such a practice is unclear; you indicate　that

accrual of these benefits was never expressly authorized by the Galveston County Commissioners Court. The practice was terminated on March 31, 1985, when the succeeding County Auditor deleted the benefits from the payroll records of all elected and appointed Galveston County officials.

You inform us that between January 1978 and March 31, 1985, eleven elected and appointed county officers retired, died, or resigned and were paid (or their estates were paid) for their accumulated vacation and/or sick leave, as reflected by their payroll records, up to the maximum allowed under the Personnel Policies Manual adopted by the county. Two additional elected officers left office after March 31, 1985, and were paid for such accrued benefits by the present county auditor. You include a list of the titles of the 13 officers who received such benefits and the amounts of compensation that each received. Five elected officers left office during this period and were not paid for their accrued benefits. We now turn to your first question.

First you ask:

> In light of the historical development of this issue, does the Commissioners' Court of Galveston County have the authority to grant vacation and sick leave benefits to elected and appointed officials payable upon their vacating their present public offices?

Subchapter B of chapter 152 of the Local Government Code, formerly codified as article 3912k, V.T.C.S., sets forth the relevant provisions regarding the authority of the commissioners court to set salaries and compensation for county officers and employees. Section 152.011 of the Local Government Code provides: "The commissioners court of a county shall set the amount of the _compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds._" (Emphasis added.) Subsection 152.013(a) of the Local Government Code sets forth the following:

> Each year the commissioners court shall set the salary, expenses, _and other allowances of elected county or precinct officers._ The commissioners court shall set the items at a regular meeting of the court during the regular budget hearing and adoption proceedings. (Emphasis added.)

This office already has concluded that sick leave benefits constitute "compensation . . . and all other allowances" for purposes of section 152.011 of the Local Government Code, Attorney General Opinions H-860, H-797 (1976), as does vacation entitlement, Attorney General Opinion MW-136 (1980). Entitlement to holidays has also been held to be a form of "compensation." Attorney General Opinion MW-438 (1982).

In Attorney General Opinion H-860 (1976), this office was asked whether elected county and precinct officials may be compensated for unused sick leave. A county commissioners court had provided by resolution that elected and appointed officers and employees would accrue sick leave, and that persons whose employment is terminated were entitled to compensation for unused sick leave of up to a specified number of days. The opinion declared that the commissioners' resolution was authorized prior to the effective date of article 3912k, V.T.C.S., by now-repealed article 2372h-1, V.T.C.S., as to county and precinct employees; after the enactment of article 3912k, the commissioners' resolution was authorized by that statute. See Attorney General Opinion H-797 (1976) (County may compensate employees for unused sick leave.)

Regarding officers, however, the opinion noted that, before the effective date of article 3912k, no statute furnished specific statutory authority for the accrual of sick leave by county and precinct officers. The opinion went on to conclude, though, that three statutes then in effect impliedly offered such authority:

> In our opinion, these statutes, authorizing the commissioners court to fix salaries of county and precinct officials, were sufficient authority for the commissioners court to provide for the accrual of sick leave by those officials, and to compensate them for the unused portion of any such sick leave. In Attorney General Opinion M-1252 (1972), this Office found that compensation for unused vacation time constitutes payment of "salary."

Attorney General Opinion H-860, supra at p.2. The opinion concluded the discussion of this issue by stating that the commissioners court, both before and after the effective date of article 3912k, was authorized to provide sick leave for the various county and precinct officials and that the commissioners court was then authorized to compensate those

officials for the unused portion of any sick leave earned during that period.

On the basis of Attorney General Opinions MW-438 (1982); H-1142, H-1113 (1978); H-860, H-797 (1976), as well as the plain language of sections 152.011 and 152.013 of the Local Government Code, we conclude that the commissioners court of Galveston County is authorized to grant to those county and precinct officers and employees whose "compensation" may be set by the court vacation and sick leave benefits and to compensate recipients for the unused leave benefits. But see Local Gov't Code, §152.017 (List of offices to which section 152.011 does not apply.)

Your question is general in scope; although you ask about "county and precinct officers," we limit our discussion to those officers that were previously compensated for unused leave. The general rules of law that we enunciate regarding those officers who have received compensation apply also to all other county and precinct officers and employees whose "compensation" may be set or supplemented by the commissioners court.

The list of officers who received compensation includes a county court judge, a district attorney, and a purchasing agent. Although section 152.017 of the Local Government Code specifically excludes the district attorney and county court judge from the reach of subchapter B of Chapter 152, the statutes creating these offices provide that the commissioners court may set or supplement the salaries for these offices. See Gov't Code, §25.0862. Compensation for a purchasing agent is governed by section 262.011(k) of the Local Government Code, which provides that the board that is empowered to appoint him is empowered also to set his compensaton. The commissioners court then has a ministerial duty to approve such compensation set. See Attorney General Opinion M-708 (1970).

You next ask:

> In light of the historical development of this issue, is the Commissioners' Court of Galveston County presently required to pay to those elected and appointed county officials whose employment records reflect accumulated vacation and sick leave time for such benefits upon their leaving their present public offices?

In answer to your first question, we declared that chapter 152 of the Local Government Code <u>authorizes</u> a commissioners court to grant vacation and sick leave benefits and to compensate recipients for the unused portions thereof to those county and precinct officers and employees whose "compensation" may be set by the court.   On the basis of the information that you have submitted to us, we cannot state that the commissioners court of Galveston County is required to compensate those elected and appointed county and precinct officers whose employment records reflect such accumulated benefits, because we have no evidence that the commissioners court ever properly adopted any resolution so providing.   You stated in your letter requesting our opinion that neither the present Personnel Policies Manual nor any of its predecessor manuals expressly authorize the accrual of vacation and sick leave benefits to county and precinct officers, other than to the commissioners themselves. <u>See also</u> Attorney General Opinions JM-599, JM-430 (1986); H-1142 (1978); H-860, H-797 (1976) (compensation policies set in personnel manuals adopted by resolution by the commissioners courts or adopted in resolutions themselves).   Nothing that you have submitted in connection with your opinion request purports to be such an authorizing resolution.   The Personnel Manuals that you have submitted with your request reach employees and commissioners; they do not reach all elected and appointed county and precinct officers.   Section 402.042 of the Government Code does not empower this office to make findings of fact while in the process of issuing opinions.   We are unable to say, consequently, whether the commissioners court has in fact authorized such a policy.[1]

---

1.   You suggest that, since the county budgeted and compensated certain specified officers for the unused portion of their accrued benefits between 1978 and 1985, it is now estopped from claiming that it is entitled to reimbursement in the event that it is determined that the commissioners court did not authorize properly the vacation and sick leave benefits.   The principle of estoppel ordinarily is not applicable to the state or to a political subdivision while it is acting in aid of the government's sovereign powers. <u>See, e.g.</u>, <u>T & R Associates Inc. v. City of Amarillo</u>, 688 S.W.2d 622 (Tex. App. - Amarillo 1985, pet. ref'd n.r.e.); <u>Davis v. City of Abilene</u>, 250 S.W.2d 685 (Tex. Civ. App. - Eastland 1952, writ ref'd).   The basis of estoppel is deception, and in its absence there can be no
(Footnote Continued)

You next ask:

> If the Commissioners' Court is not required to pay these benefits, is the Commissioners' Court legally obligated to attempt recovery of those funds previously paid to the thirteen elected and appointed officials enumerated above? In addition, is there a viable distinction between the three retired County Commissioners who were arguably included in the Personnel Policies Manual and the Purchasing Agent whose request was specifically approved and the other elected and appointed officials?

If the benefits about which you inquire were granted without commissioners court approval, such payments would constitute an improper grant of public money in violation of article III, section 52, of the Texas Constitution. In Attorney General Opinion H-797 (1976), this office was asked about the propriety of compensating employees for unused sick leave. Therein we declared:

> We do not believe that there are any constitutional obstacles to the adoption of such a policy. In Attorney General Opinion H-51 (1973), we held that a county may not authorize the payment of funds to the survivors of a deceased county employee if the employee had no right to the funds at the time of his death, because such payment would constitute an impermissible gift or grant of public moneys under article 3, sections 51, 52 and 53 of the Texas Constitution. But the commissioners court was permitted, without violating the constitutional prohibition, to compensate the survivors for the decedent's vacation time and any other compensation

---

(Footnote Continued)
equitable estoppel. <u>Bocanegra v. Aetna Life Insurance Co.</u>, 605 S.W.2d 848 (Tex. 1980); <u>Barfield v. Howard M. Smith Co. of Amarillo</u>, 426 S.W.2d 834 (Tex. 1968). On the basis of the information that you have submitted in connection with your opinion request, we conclude that the requisite elements for the invocation of estoppel are not present. <u>Concord Oil Co. v. Alco Oil & Gas Corp.</u>, 387 S.W.2d 635 (Tex. 1965); <u>Gulbenkian v. Penn</u>, 252 S.W.2d 929 (Tex. 1952).

> previously _earned_ by the employee. Since your question contemplates that at the time of his retirement the employee would be compensated only for sick leave previously earned, there would appear to be no constitutional inhibition affecting the implementation of such a policy. Thus, it is our opinion that a county may compensate its retiring employees for a portion of their sick leave accrued but not taken.

Analogously, we conclude that any payments for benefits that were made without the authority of the commissioners court would also constitute an impermissible grant of public funds. The county would be authorized to seek reimbursement but could exercise reasonable discretion as to whether to do so in a particular case. Such factors as the amount of funds to be reimbursed, the ease of collection, and the legal and other costs incident to collection might be considered. _See_ Attorney General Opinion MW-93 (1979).

We also understand you to ask whether the three retired county commissioners and the purchasing agent occupy a status other than the one occupied by the other elected and appointed county and precinct officers. The Galveston County commissioners appear to have granted themselves vacation and sick leave benefits identical to those granted to county employees by the commissioners court's adoption of the Personnel Policies Manual. There is no question, then, that the conferral of benefits is proper at least as to the commissioners themselves. The purchasing agent also appears properly to have been conferred vacation and sick leave benefits; you have included with your request for an opinion a copy of a signed affidavit from the board authorized to appoint the purchasing agent pursuant to now-repealed article 1580, V.T.C.S., specifically requesting that the purchasing agent receive such benefits and a copy of the commissioners court resolution approving payment to the purchasing agent who retired in 1984. _See_ Attorney General Opinion M-708 (1970).

You next ask:

> If the Commissioners' Court of Galveston County, Texas, adopts a policy to extend vacation and sick leave benefits to those elected and appointed officials who showed such benefits on their employment records in March, 1985, does the Commissioners' Court have to extend such benefits to all elected

and appointed officials now and in the future?

Section 152.011 of the Local Government Code authorizes the commissioners court to set "compensation . . . and all other allowances" for county and precinct officers and employees who are paid wholly from county funds. The commissioners court has discretion as to what kind of benefits it chooses to offer the occupants of particular offices. Just so long as the differences between officers and/or employees is not so unreasonable as to constitute an abuse of discretion, we see no reason why benefits conferred may not vary, depending upon factors that the commissioners court properly may consider.

In answer to the second part of your question, the Texas Supreme Court has ruled that, so long as no vested right is impaired, a duly-enacted statute or resolution that serves to alter or reduce a benefit heretofore granted is permissible. In the leading case of City of Dallas v. Trammell, 101 S.W.2d 1009 (Tex. 1937), the Texas Supreme Court specifically upheld the constitutionality of a statute, the effect of which was to reduce the pension benefits of a pensioner. The court cast the issue in the following way:

> As we view the matter, the true question involved is this: Does the employee, after retirement, have a vested right to participate in the pension fund to the extent of the full amount of the monthly installments granted to him at retirement; that is; does he have a vested right in future installments which cannot be affected by subsequent legislation tending to dimish the amount of such installments? Putting the matter in somewhat different language, we may properly inquire if the right which the employee has to participate in the pension fund, acquired by virtue of his contract, imposes upon the city and the Legislature of the state (the source of the city's power and authority in a matter of this kind) the inviolable duty of maintaining a pension fund of such proportions as will guarantee the right to defendant in error and others having equal rights with him to participate to the full extent of the monthly amounts previously awarded to them at the time the right to participate accrued? In other words, is the

> Legislature without constitutional power to
> repeal the laws upon which the pension system
> of the City of Dallas is based, or to modify
> their provisions in such way as to diminish
> the pensions payable to those who have become
> qualified to receive them so long as any one
> who has been granted a pension shall live?

101 S.W.2d 1009, 1011.

The court concluded that

> the rule that the right of a pensioner to
> receive monthly payments from the pension
> fund after retirement from service, or after
> his right to participate in the fund has
> accrued, is predicated upon the anticipated
> continuance of existing laws, and is
> subordinate to the right of the Legislature
> to abolish the pension system, or diminish
> the accrued benefits of pensioners
> thereunder, is undoubtedly the sound rule to
> be adopted.

101 S.W.2d 1009,1013. The Texas Supreme Court then declared that a right, to be within the protection of the constitution, must be a vested right or something more than a mere expectancy based upon an anticipated continuance of an existing law; in this instance, the court concluded that the pensioners' rights were mere "expectancies." 101 S.W.2d 1009, 1014-16. See also Woods v. Reilly, 218 S.W.2d 437 (Tex. 1949); Board of Managers of the Harris County Hospital District v. Pension Board of the Pension System for the City of Houston, 449 S.W.2d 33 (Tex. 1969) (citing the City of Dallas v. Trammell case with approval); Devon v. City of San Antonio, 443 S.W.2d 598 (Tex. Civ. App. - Waco 1969, writ ref'd); Attorney General Letter Advisory No. 5 (1973). Accordingly, so long as no vested rights are impaired, we conclude that the commissioners court is not required to continue granting such benefits indefinitely in the future.

Finally you ask:

> If the Commissioners' Court of Galveston
> County, Texas, may adopt a policy to extend
> vacation and sick leave benefits to all
> elected and appointed officials (or alterna-
> tively to those officials who show such
> benefits on their employment records in
> March, 1985), are such officials required to

abide by the vacation and sick leave benefits limitations and procedures presented in the Galveston County Personnel Policies Manual?

You do not specify just what "limitations and procedures" are set forth in the manual with which you think county and precinct officers must comply. Thus, we must address your question in general terms. While this office consistently has said that a commissioners court possesses the authority to set county and precinct officers' and employees' "compensation" pursuant to section 152.011 of the Local Government Code and its predecessor statutes, see,e.g., Attorney General Opinions JM-430 (1986); MW-438 (1982); MW-268 (1980); H-1142,H-1113 (1978); H-860, H-797 (1976), this office also has held that the authority of the commissioners court over the operation of other county and precinct officers is limited. See Attorney General Opinions JM-440 (1986); JM-182 (1984). In those opinions, we concluded that, while the commissioners court is empowered to set "compensation," including salaries, vacation and sick leave benefits, and holidays for county and precinct officers and employees, the court does not have the authority to set office hours for those officers. As a general rule, a county or precinct officer would have to comply with any reasonable requirements, so long as those requirements do not interfere with the proper operation of the other constitutional or statutory county or precinct offices.

### S U M M A R Y

1. The commissioners court of Galveston County is authorized to grant vacation and sick leave benefits to elected and appointed county and precinct officers and employees who are paid wholly from county funds.

2. Whether the commissioners court of Galveston County presently is required to pay to those elected and appointed county and precinct officers whose employment records reflect accumulated vacation and sick leave benefits when they leave their present public offices is a question of fact.

3. If the award of benefits was without the approval of the commissioners court, the court could seek to be reimbursed by those who received such compensation improperly. The three retired county commissioners, who

were included with other county employees in the county Personnel Policies Manual, and the Purchasing Agent, whose conferral of benefits was directed before his retirement by the board that was responsible for his appointment, are entitled to accrual and receipt of such benefits.

4. If the commissioners court of Galveston County adopts a policy to extend vacation and sick leave benefits to all elected and appointed county and precinct officers whose employment records reflected the accrual of such benefits in March 1985, the commissioners court does not have to extend such benefits to all elected and appointed county and precinct officers. As long as no vested right is impaired, the commissioners court may, by resolution adopted in the future, reduce or alter the benefits that are presently granted.

5. Those elected and appointed county and precinct officers to whom vacation and sick leave benefits are extended are not relieved of the responsibility to comply with any reasonable limitations and procedures set forth in the Personnel Policies Manual that do not interfere with the proper operation of those constitutional or statutory offices.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General