# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00803-CV

**Scott A. Lukes, Appellant**

v.

**Employees Retirement System of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. 95-01198, HONORABLE PAUL DAVIS, JUDGE PRESIDING

Appellant Scott A. Lukes applied for occupational disability retirement benefits through the Employees Retirement System of Texas ("ERS"). After the ERS Board of Trustees (the "Board") denied his claim, Lukes filed suit in district court seeking judicial review of the Board's interpretation of "occupational disability." *See* Tex. Gov't Code Ann. § 811.001(12) (West Supp. 2001). The district court dismissed Lukes's case for want of jurisdiction and denied his application for writ of mandamus. Lukes appeals the district-court judgment by eight issues, claiming that there are both statutory and constitutional grounds for jurisdiction and, alternatively, that the district court erred in denying his application for writ of mandamus. We will reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 14, 1992, while employed by the Texas Department of Human Services, Lukes sustained an injury to his back as a result of lifting and carrying a box of training manuals. Lukes had prior back injuries that had required surgeries in 1984 and 1985. He applied to ERS for

occupational disability retirement benefits on April 29, 1993. ERS's executive director denied his claim on the grounds that this particular injury was an "aggravation of a preexisting injury" and that it did not fall within the definition of "occupational disability" found in Texas Government Code section 811.001(12). *Id.*[1] Lukes commenced the appeal procedure and his case was referred by the executive director to an administrative law judge who, following a hearing, issued a proposal for decision recommending that Lukes's claim be denied.[2] The Board adopted the proposal for decision and issued a final order on November 15, 1994 denying Lukes's claim for occupational disability retirement benefits. *See id.* § 814.204(d).

Lukes sought judicial review of the Board's final order by filing the district-court suit. He alleged statutory and constitutional grounds for the district court's jurisdiction and, in the alternative, filed an application for writ of mandamus. ERS filed a plea to the jurisdiction challenging the district court's ability to hear the case. The district court granted the plea, dismissed Lukes's suit for want of jurisdiction, denied his constitutional claims, and denied his application for writ of mandamus. Lukes now appeals by eight issues.

---

[1] Section 811.001(12) states that,

"Occupational death or disability" means death or disability from injury or disease that directly results from a specific act or occurrence determinable by a definite time and place, and directly results from an inherent risk or hazard peculiar to a duty that arises from and in the course of state employment.

Tex. Gov't Code Ann. § 811.001(12) (West Supp. 2001).

[2] Although not clear from the record before us, it appears that ERS and Lukes followed the procedure set forth in the Texas Administrative Code. *See* 34 Tex. Admin. Code § 67.1-.111 (West 2001) (Employees Ret. Sys.).

## DISCUSSION

### *Standard of Review*

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.) (citing *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). "A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action." *Caldwell*, 23 S.W.3d at 135 (citing *Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n*, 16 S.W.3d 61, 65 (Tex. App.—Austin 2000, no pet.)). In order to prevail, the party asserting the plea to the jurisdiction must show that even if all the allegations in the plaintiff's pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on the trial court. *See id.*

Because subject-matter jurisdiction presents a question of law, we review the district court's decision *de novo*. *See id*. In reviewing a trial court's ruling on a plea to the jurisdiction, we do not look at the merits of the case; rather, we "construe the pleadings in favor of the plaintiff," look to the pleader's intent, and accept the pleadings' factual allegations as true. *Id*. "The truth of the plaintiff's allegations is at issue only if the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction on the court." *Id*. Further, "a court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland ISD v. Blue*, 34 S.W.3d 547 (Tex. 2000).

3

*Jurisdiction Under the Government Code*

By his third issue, Lukes argues that the district court had a statutory basis for jurisdiction under section 815.511 of the Texas Government Code. *See* Tex. Gov't Code Ann. § 815.511(b).[3] Section 815.511(b) provides for judicial review of Board decisions under the substantial-evidence standard of review. *Id.* ERS argues that because Lukes's case was already pending in the district court when section 815.511 became effective, the statute does not apply. ERS agrees that the judicial review provision does apply to agency decisions made after the statute's effective date. Lukes contends, however, that section 815.511 is a remedial statute, impairs no vested property rights, and should therefore be applied retrospectively.

ERS relies on the code construction act, which states the general rule that "[a] statute is presumed to be prospective in its application unless expressly made retrospective." *Id.* § 311.022 (West 1998). However, the general rule does not apply to remedial or procedural statutes. *Reames v. Police Officers' Pension Bd.*, 928 S.W.2d 628, 631 (Tex. App.—Houston [14th Dist.] 1996, no writ).

A remedial statute controls litigation from the time it becomes law and any proceedings taken thereafter must be under the new law. *Phil H. Pierce Co., v. Watkins*, 263 S.W. 905, 907 (Tex. 1924); *Price Pfister, Inc. v. Moore & Kimmey, Inc.*, 48 S.W.3d 341, 354 (Tex. App.—Houston [14th Dist] 2001, no pet.). "A remedial statute is one which introduces a new

---

[3] Lukes's suit was pending in the district court when this statute was passed in 1995. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 586, § 29, 1995 Tex. Gen. Laws 3385, 3394. The statute was amended in 1999 and, without any substantive changes, the original statute became subsection (b). *See* Act of May 29, 1999, 76th Leg., R.S., ch. 1541, § 29, 1999 Tex. Gen. Laws 5292, 5299. We cite to the 1999 version for convenience.

regulation for the advancement of the public welfare or conducive to the public good, *one enacted to afford a remedy*, to improve and facilitate existing remedies, or one intended *to correct defects, mistakes, and omissions in the laws of the State.*" *Sims v. Adoption Alliance*, 922 S.W.2d 213, 217 (Tex. App.—San Antonio 1996, writ denied) (emphasis added) (citing *Rey v. Acosta*, 860 S.W.2d 654, 657 (Tex. App.—El Paso 1993, no writ)). Section 815.511 falls within this definition in two ways.

The first and most obvious interpretation is that the statute was "enacted to afford a remedy" by providing judicial review of agency decision making. *Sims*, 922 S.W.2d at 217. The second is that it was enacted to "correct . . . omissions in the laws of the State." *Id.* The intent of the legislature might have been to simply codify preexisting procedure and clarify that the standard of review is by substantial evidence. A search of the legislative history of the statute reveals nothing of the legislature's intent. However, the fact that ERS decisions were judicially reviewed before the 1995 enactment of section 815.511 lends credence to the argument that judicial review existed prior to the enactment of section 815.511. *See, e.g., Bond v. Employees Ret. Sys.*, 825 S.W.2d 804 (Tex. App.—Austin 1992, writ denied); *Walker v. Employees Ret. Sys.*, 753 S.W.2d 796 (Tex. App.—Austin 1988, writ denied); *Employees Ret. Sys. v. Hill*, 557 S.W.2d 819 (Tex. App.—Waco 1977, writ ref'd n.r.e.).

Under either interpretation, section 815.511 fits the definition of a remedial statute and is excepted from the general pronouncement of section 311.022 of the government code. *See Reames*, 928 S.W.2d at 631. We hold that section 815.511 applies retrospectively to Lukes, whose case was pending at the time of the statute's enactment. Because we hold that the district court had

5

subject-matter jurisdiction, we need not reach Lukes's other issues. *See* Tex. R. App. P. 47.1 (opinion to be as brief as practicable to decide issues necessary to final disposition).

## CONCLUSION

Having determined that the district court had jurisdiction to hear this case, we reverse the district court's judgment and remand this case for further proceedings.

_____

—

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Puryear.

Reversed and Remanded

Filed:   November 1, 2001

Publish

6