# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00309-CV

**The United Healthcare Choice Plus Plan for City of Austin Employees
and The City of Austin, Appellants**

**v.**

**Charles Lesniak, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
## NO. D-1-GN-15-000067, HONORABLE GARY HARGER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, appellants the City of Austin and its self-funded employee health-insurance plan (the United Healthcare Choice Plus Plan for City of Austin Employees) challenge the trial court's order denying their plea to the jurisdiction asserting governmental immunity. The underlying controversy concerns the Plan's denial of health-care benefits to City employee Charles Lesniak for treatment received by his daughter, a dependent covered under the Plan. Lesniak sued the City and the Plan, alleging that they improperly denied some of his claims for his daughter's treatment, and appellants filed a plea to the jurisdiction. Because we conclude that the City and the Plan have governmental immunity from this suit, we reverse the trial court's order denying appellants' plea to the jurisdiction and render judgment dismissing appellee's claims for lack of subject-matter jurisdiction.

**BACKGROUND**

The City established a self-funded insurance plan (the Plan) to provide medical benefits to its eligible employees and contracted with United HealthCare Services, Inc. (United HealthCare) to administer the Plan. *See* Tex. Gov't Code § 2259.031 (governmental unit may establish self-insurance fund to protect governmental unit and its officers, employees, and agents from any insurable risk or hazard). Lesniak's pleadings alleged that (1) he was a covered employee under the Plan, (2) his daughter was a covered dependent under the Plan, and (3) he made required contributions to the Plan in consideration of the coverage that it provided. He further alleged that the Plan wrongfully denied benefits for a portion of his daughter's treatment at an inpatient facility, determining that the treatment was not medically necessary. He filed a lawsuit against the City and the Plan, alleging that they had thereby breached the contract of coverage. The City and the Plan jointly filed a plea to the jurisdiction, asserting that Lesniak's suit was barred by governmental immunity and attaching to their plea copies of the "Summary Master Benefit Plan Documents" (Plan Documents) that Lesniak alleged they had breached. The trial court denied the plea, and the City and the Plan filed this interlocutory appeal of that denial. *See* Tex. Civ. Prac. & Rem. Code § 51.014 (a)(8) (person may appeal from interlocutory order of district court that grants or denies plea to jurisdiction by governmental unit).

**DISCUSSION**

Appellants argue that they are immune from suit absent legislative waiver. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 325-26 (Tex. 2006) (political subdivisions of State, including cities

2

and their self-insurance funds, enjoy governmental immunity from suit absent waiver). Lesniak responds that appellants have no governmental immunity because this case arises out of the City's proprietary function, rather than its governmental function. *See Bailey v. City of Austin*, 972 S.W.2d 180, 192-93 (Tex. App.—Austin 1998, pet. denied) (municipality performing proprietary, rather than public function, does not have governmental immunity). Alternatively, he asserts that if the City has governmental immunity, that immunity has been waived by statute. *See* Tex. Loc. Gov't Code § 271.152 (waiving sovereign immunity for breach-of-contract claims "subject to the terms and conditions of this subchapter"). Governmental immunity from suit deprives a court of subject-matter jurisdiction and therefore is properly asserted in a plea to the jurisdiction. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo, and in doing so we will not look at the merits of the case but will construe the pleadings in favor of the plaintiff, accepting the factual allegations therein as true. *Lukes v. Employees Ret. Sys. of Tex.*, 59 S.W.3d 838, 841 (Tex. App.—Austin 2001, no pet.).

### *"Proprietary function" as bar to immunity*

The *Bailey* opinion on which Lesniak relies to support his argument that the City's self-insurance plan is a proprietary function and therefore defeats the City's entitlement to immunity predates amendments to the Government Code specifically stating that "[t]he establishment and maintenance of a self-insurance program by a governmental unit *is not a waiver of immunity* or of a defense of the governmental unit or its employees," Tex. Gov't Code § 2259.002 (emphasis added), and that "[t]he issuance of a public security or the use of available money for a self-insurance fund under this subchapter is a public purpose of the governmental unit," *id.* § 2259.032; *see*

3

*Ben Bolt-Palito*, 212 S.W.3d at 327 (noting Chapter 2259 amendments and concluding that self-insurance fund composed of local political subdivisions was performing governmental function and entitled to assert immunity against fund member school district's coverage claim and enjoyed same governmental immunity as other political subdivisions, absent waiver); *Humana Ins. Co. v. Mueller*, No. 04-14-00752-CV, 2015 WL 1938657, at *3 (Tex. App.—San Antonio Apr. 29, 2015, pet. filed) (mem. op.) (Chapter 2259 applies to governmental unit's establishment of self-insurance fund, including provision thereunder that such establishment "is not a waiver of immunity"). In light of Government Code Chapter 2259's pronouncement that the provision of self-insurance funds is a governmental function that does not waive immunity and the *Ben Bolt-Palito* holding, we conclude that the proprietary–public dichotomy is no longer dispositive in the context of self-insurance plans offered by municipalities and that appellants are immune from Lesniak's lawsuit absent legislative waiver.

### Waiver of immunity under Local Government Code

We therefore consider Lesniak's second argument: that the City waived its immunity under Local Government Code Chapter 271 by entering into a contract for the provision of services. *See* Tex. Loc. Gov't Code § 271.151 ("contract subject to this subchapter" means "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity"), .152 ("A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this

4

subchapter."); *see Ben Bolt-Palito*, 212 S.W.3d at 327 ("While the mere act of self-insuring does not itself constitute a waiver of immunity . . . entering into 'a written contract stating the essential terms of [an] agreement for providing goods or [insurance] services to [a] local governmental entity' clearly does.").

Appellants respond that the waiver for Chapter 271 contracts does not apply here because Lesniak does not provide any services to the City directly pursuant to the Plan. Lesniak counters that (1) he provides services to the City in the form of his employment, (2) the Plan provides services to the City in the form of the medical benefits it provides to City employees and their dependents, and (3) United HealthCare provides services to the City in the form of its administration of the Plan, including its making of benefit-eligibility determinations. We agree with Lesniak that all of these may well qualify as "services" under the supreme court's broad interpretation of that term with respect to contracts subject to Chapter 271. *See Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 839 (Tex. 2010) (term "services" in Chapter 271 is "broad enough to encompass a wide array of activities," and services provided need not be primary purpose of agreement); *Ben Bolt-Palito*, 212 S.W.3d at 327 (holding that self-insurance fund's members provide services to fund by virtue of fact that they elect fund's governing board, which appoints subcommittee that resolves claims disputes).

However, the waiver in Chapter 271 is not applicable any time a person makes a claim related to the provision of any services by any party to a local governmental entity. Rather, the waiver of immunity from suit explicitly applies *only* when a plaintiff with standing claims that a party has breached a particular kind of contract: one that "stat[es] the essential terms of [an]

5

agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *See Lubbock Cnty. Water Control & Imp. Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 301-02 (Tex. 2014) (courts must look beyond title of written contract to determine whether it (1) contains agreement to provide services to governmental entity and (2) states essential terms of agreement for provision of such services). The "contracts" under which Lesniak sues the City and Plan for breach are the 2013 and 2014 Plan Documents, which outline the coverage that the Plan provides. The Plan Documents state their purpose: "to set forth provisions of the Plan that provide and/or affect payment or reimbursement." They also recite that (1) the "City has contracted with [United HealthCare], a private healthcare claims administrator, to administer this Plan and process the payment or reimbursement of specified expenses incurred by eligible Covered Persons" and (2) the "Plan [Documents] and the applications of the Covered Persons, if any, constitute the entire contract of Coverage under the Plan between the City, the Plan Administrator, and the Covered Persons."

Nonetheless, the Plan Documents cannot reasonably be construed as (1) containing an agreement by any party to provide services to the City *and* (2) stating the "essential terms" of such agreement. *See id.*, 442 S.W.3d at 302 (holding that because marina lease under which lessee sued lessor water district for breach of contract neither required lessee to provide marina-operation services to lessor nor lessor to pay for such services, Chapter 271 did not waive lessor's immunity). To begin with, the Plan Documents do not recite any consideration on the City's part in exchange for the administrative services that United HealthCare is to provide—an essential term of any agreement for services. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 235 (Tex. 2003)

6

(consideration is essential element for valid, enforceable contract); *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991) (consideration is bargained-for exchange of promises); *see also Kirby Lake Dev.*, 320 S.W.3d at 838-39 (essential terms of contract typically include time of performance, price to be paid, and service to be rendered); *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000) (contract is legally binding "if its terms are sufficiently definite to enable a court to understand the parties' obligations"). The Plan Documents also do not provide any details of HealthCare's obligations as Plan Administrator, except to note that it has the "sole and exclusive discretion" to interpret benefits, terms, conditions, and exclusions under the Plan; make factual determinations related to the Plan; and offer benefits for services not otherwise covered by the Plan.

Nor can the Plan Documents be reasonably construed as (1) containing an agreement by Lesniak to provide employment or other services to the City[1] or (2) a unilateral contract on the part of the City or Plan because they do not identify any performance that covered persons must complete to be entitled to benefits.[2] *Cf. City of Houston v. Williams*, 353 S.W.3d 128, 135 (Tex. 2011) (holding that city ordinances created unilateral contract subject to Chapter 271 by promising city firefighter-employees certain benefits in exchange for actual performance of duties, where such benefits and duties were specifically outlined in ordinances). Furthermore, the record contains no other contracts stating the essential terms of any services to be provided by any party, and Lesniak's

---

[1] In fact, the Plan Documents recite that "[t]he Plan does not constitute a contract of employment."

[2] Additionally, the Plan Documents recite that the City Manager retains the authority to amend, cancel, or discontinue the Plan *at any time* without the consent of or prior notice to any covered person.

pleadings do not allege the existence of any other contract that the City and the Plan have breached except for these Plan Documents.

On this record, we conclude that the contracts under which Lesniak sues the City and the Plan for breach of contract do not fall within the limited waiver of immunity in Local Government Code Sections 271.151 and 271.152. Accordingly, we hold that the trial court erred in denying the plea to the jurisdiction.

## CONCLUSION

The City and the Plan have governmental immunity from suit, absent waiver, of which there is no evidence on this record. Accordingly, we reverse the trial court's order denying the City and the Plan's plea to the jurisdiction and render judgment dismissing Lesniak's claims for lack of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Reversed and Rendered

Filed: December 1, 2015

8